**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**SERENITY GROUP OF OHIO FLORAL HILLS MEMORY GARDENS,** *et al.*,

    **Defendants.**

**Case No. 2:20-cv-1041**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION & ORDER

The matter before the Court is Plaintiff United States of America's Motion to Voluntarily Dismiss Lien Enforcement Counts of Complaint (ECF No. 13). The time has passed for a response and none has been filed. Thus, the motion is unopposed and ripe for review. For the following reasons, the motion (ECF No. 13) is **GRANTED**.

**I.**

On February 25, 2020, the United States of America filed a Complaint against Defendants Serenity Group of Ohio Floral Hills Memory Gardens ("Serenity Group"), Ronald L. Downey, Joseph L. Miller, Shelly Miller, Roger L. Diehl, Greg Sturgill, and the State of Ohio (collectively "Defendants"). (*See* Compl., ECF No. 1.) The Complaint contains five claims: (1) Reduce Employment Tax Liabilities to Judgment (against Defendant Serenity Group); (2) Reduce to Judgment Liability for Federal Employment Tax Liabilities of Serenity Group (against Ronald L. Downey); (3) Reduce to Judgment Liability for Federal Employment Tax Liabilities of Serenity Group (against Joseph L. Miller); (4) Enforce Federal Tax Liens Against Ross County Real Property (against all Defendants); and (5) Enforce Federal Tax Liens Against Pickaway County

Real Property (against all Defendants). (*See id.*) Only Defendant the State of Ohio has filed an answer or any other response to the Complaint. (*See* ECF No. 3.)

The United States now asks the Court to allow it to dismiss without prejudice counts four and five asserting that it has become aware of state-court actions in Ross County, Ohio and Pickaway County, Ohio involving the subject real properties. (Mot. Voluntarily Dismiss Lien Enforcement Counts Compl. at 2, ECF No. 13, hereinafter "Mot Dismiss.")

**II.**

In the Sixth Circuit Federal Rule of Civil Procedure 41(a) is not the proper vehicle to dismiss less than the entirety of an action. *See Warfal v. Chase Bank, USA, N.A.*, No. 2:11-cv-699, 2012 U.S. Dist. LEXIS 441135, at *5 (S.D. Ohio Feb. 10, 2012); *Coleman v. Ohio State Univ. Med. Ctr*, No. 2:11-cv-49, 2011 U.S. Dist. LEXIS 83813, at *6 (S.D. Ohio Aug. 1, 2012); *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *In re Behr Dayton Thermal Prods. LLC Litig.*, No. 3:08-cv-326, 2012 U.S. Dist. LEXIS 21642, at *9–10 (S.D. Ohio Feb. 21, 2012). Instead, it is Federal Rules of Civil Procedure 15 and/or 21 which provide for voluntary dismissal of some but not all claims in a case. *See id.* The United States correctly moved under Rule 21.

"When evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *GEICO Casualty Co. v. Panno*, No. 1:19-cv-933, 2020 WL 2124109, at *2 (S.D. Ohio May 5, 2020) (citing *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017)). "The purpose of this prejudice analysis is 'to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by

voluntarily dismissing the action.'" *Id.* (quoting *Wilkerson*, 2017 WL 401212 at *2 (citation omitted)). In evaluating such prejudice the court should consider factors such as: (1) "the defendant's effort and expense of preparation for trial;" (2) "excessive delay and lack of diligence on plaintiff's part in prosecuting the case;" (3) "insufficient explanation for the need for dismissal;" and (4) "whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

The United States argues that all of the relevant factors weigh in favor of dismissal. (Mot. Dismiss at 3.) The Court agrees. This motion was filed at a very early stage in the case. None of the Defendants other than the State of Ohio have filed an answer or other response to the Complaint. There has been no summary judgment motion filed. The United States has not excessively delayed asking for dismissal or showed any lack of diligence in prosecuting the case. Finally, the United States' explanation for dismissal—allowing the state-court actions involving the subject-real properties to run their course—is sufficient. Thus, the Court GRANTS the motion to dismiss the fourth and fifth counts in the Complaint. This removes certain defendants from the case leaving only Serenity Group, Ronald L. Downey, and Joseph L. Miller.

### III.

For the stated reasons, the motion to dismiss (ECF No. 13) is **GRANTED**.

**IT IS SO ORDERED.**

**6/10/2020**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**

3