UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

SERENITY GROUP OF OHIO
FLORAL HILLS MEMORY
GARDENS, *et al.*,

    **Defendants.**

Case No. 2:20-cv-1041
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff United States of America's Motion for Default Judgment against Defendants Serenity Group of Ohio Floral Hills Memory Gardens, Ronald L. Downey, and Joseph L. Miller. (ECF No. 20.) Plaintiff's motion is unopposed. For the following reasons, the Court **GRANTS** the motion.

### I.

Plaintiff United States filed this case against Defendants on February 25, 2020. (Compl., ECF No. 1.) In the Complaint, Plaintiff seeks to: (1) reduce to judgment unpaid federal employment taxes (Forms 941/940) and federal civil penalty of Defendant Serenity Group for certain employment tax periods pertaining to 2008–2010; (2) reduce to judgment Defendant Downey's and Defendant Miller's liability for those federal tax liabilities and federal civil penalty. (*Id.* ¶¶ 13–21.) On August 18, 2020, Plaintiff moved for, and obtained, an entry of default against Defendants. (Entry of Default, ECF No. 19.) Because of the default entry, the Court takes Plaintiff's allegations regarding Astoria's liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-

1

cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations below.

Defendant Serenity Group did business as a general partnership in Ohio between 2008 and 2010. (Compl. ¶ 2.) Defendants Downey and Miller were the partners of Serenity Group. (*Id.* ¶¶ 3–4.) "A delegate of the Secretary of the Treasury made assessments against Serenity Group for employment taxes, penalties, and interest, as well as civil penalty" between 2008 and 2010, "which have balances due with interest, accruals, costs as of December 23, 2019" for a total of $273,358.66. (*Id.* ¶¶ 14–16.) Despite proper notice and demand, Serenity Group failed to pay any of the liabilities. (*Id.*) Defendants Downey and Miller, as general partners, are jointly and severally liable under Ohio law for the partnership debts. (*Id.* ¶ 18.) Defendant Downey filed a Chapter 7 bankruptcy petition in 2012 and received a Chapter 7 discharge in 2013. (*Id.* ¶ 19.) Defendant Downey's liability for the civil penalty was discharged pursuant to 11 U.S.C. § 523(a)(7). (*Id.*) However, Defendant Downey's liability for the federal employment tax liabilities are exempt from discharge pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(C). (*Id.*) Thus, Defendant Downey is jointly and severally liable for Serenity Group's federal employment tax liabilities, but not for the civil penalty. (*Id.*) Defendant Miller is jointly and severally liable for Serenity Group's federal employment tax liabilities and is liable for the civil penalty. (*Id.* ¶ 21.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken

as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

The Court finds that the Complaint establishes liability. Under Ohio law, "the law in effect at the time the obligation accrued governs the action." *PNC Bank, N.A. v. Farinacci*, 964 N.E.2d 1124, 1126 (Ohio Ct. App. 2011). Between 2008 and 2010, Defendant Serenity Group was assessed federal employment tax liabilities and a civil penalty under 26 U.S.C. § 6721. The laws in effect at that time made general partners jointly and severally liable for the debts of the partnership. Ohio Rev. Code §§ 1775.14(A)(2) (effective Oct. 18, 2007), 1776.95 (effective Jan. 1, 2010). A timely assessment of a partnership's federal employment tax liability permits the IRS to collect the liability through a judicial proceeding against a partnership's general partners who are derivatively liable for the taxes under state law. *United States v. Galletti*, 541 U.S. 114, 123 (2004). Thus, as general partners of Defendant Serenity Group, Defendants Downey and Miller are jointly and severally liable for the tax liabilities of Defendant Serenity Group. Defendant

Downey is not liable for the civil penalty because of his Chapter 7 bankruptcy discharge. (Bednar Decl., Exs. A–B, ECF No. 20-4.)

Plaintiff's well-plead allegations have established liability, but Plaintiff "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citation omitted).

The Court finds that a hearing is not necessary. Plaintiff submits a certified tax record from the IRS, a declaration from IRS Advisor Rebecca Sheeks, and a declaration from Plaintiff's counsel, which are sufficient to prove the amount owed by Defendants. (Mot. Default J., Exs. 1–3, ECF Nos. 20-2–4.) As of December 23, 2019, Defendant Serenity Group has unpaid balances due for Forms 941/940 federal employment tax liabilities totaling $273,358.66 (including assessments of taxes, penalties, and interest, and all payments, credits, abatements, and accruals as of December 23, 2019). (Sheeks Decl. ¶¶ 3–4.) Statutory additions, including the interest rates specified by 26 U.S.C. §§ 6621 and 6622 will continues to accrue. (*Id.* ¶ 4.) Defendants Downey and Miller are not minors nor incompetent persons, and there is no record that either are currently on active duty within the purview of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501. (Bednar Decl. ¶¶ 4–6.)

### III.

For the reasons stated, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Defendants Serenity Group of Ohio Floral Hills Memory Gardens, Ronald L. Downey, and Joseph

4

L. Miller.  (ECF No. 20.) The Clerk is **DIRECTED** to close this case and **ENTER JUDGMENT** in favor of Plaintiff United States of America as follows:

(1) The United States is entitled to judgment against Defendant Serenity Group of Ohio Floral Hills Memory Gardens for unpaid federal employment tax liabilities (Forms 941/940) for certain employment tax periods pertaining to 2008–2010, and an unpaid federal civil penalty under 26 U.S.C. § 6721 for the period ending December 31, 2008, in the sum of $273,358.66, plus statutory additions, including interest pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622, from December 23, 2019, until the judgment is satisfied;

(2) The United States is entitled to judgment against Defendants Ronald L. Downey and Joseph L. Miller, jointly, for unpaid federal employment tax liabilities (Forms 941/940) for certain employment tax periods pertaining to 2008 and 2009 in the sum of $226,001.82, plus statutory additions, including interest pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622, from December 23, 2019, until the judgment is satisfied;

(3) The United States is entitled to judgment against Defendants Ronald L. Downey and Joseph L. Miller, jointly and severally, for unpaid federal employment tax liabilities (Forms 941/940) for certain employment tax periods pertaining to 2010 in the sum of $28,869.27, plus statutory additions, including interest pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622, from December 23, 2019, until the judgment is satisfied; and

(4) The United States is entitled to judgment against Defendant Joseph L. Miller for an unpaid federal civil penalty under 26 U.S.C. § 6721 for the period ending December

31, 2008, in the sum of $18,487.57, plus statutory additions, including interest pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622, from December 23, 2019, until the judgment is satisfied.

**IT IS SO ORDERED**.

4/13/2021             s/Edmund A. Sargus, Jr.
**DATE**             **EDMUND A. SARGUS, JR.**
            **UNITED STATES DISTRICT JUDGE**